945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anne M. McLEAN, Plaintiff/Appellant,
v.
UNITED AIR LINES, INCORPORATED, a corporation, Defendant/Appellee,
and
Association of Flight Attendants, Intervenor/Appellee.
 No. 90-2157.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Sept. 6, 1991.
 
 Before WOOD, JR., EASTERBROOK, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anne McLean was one of 475 class action claimants, who, according to a Settlement Agreement, would be reinstated by United Airlines ("United") as a flight attendant after a required training period. Toward the end of her training, United released McLean from the program because she would be unable to meet the standard even if she received a perfect score on the remaining examinations. McLean insisted that she lost a possible 18 points because two pages of one exam had stuck together. She asserted that United's refusal to permit her to retake that exam was discriminatory.
 
 
 2
 Pursuant to the terms of the Settlement Agreement, McLean challenged her release before the Special Master, who recommended denying her appeal. McLean filed objections to that recommendation. After further briefing, the district court denied McLean's objections and adopted the recommendation of the Special Master. McLean appeals the district court's decision, asserting: 1) the district erred in accepting the Special Master's finding that United had not discriminated against her; and 2) she was denied due process because she was not granted an evidentiary hearing.
 
 
 3
 With regard to McLean's first issue, because we agree with the district court that McLean has not established that United discriminated against her and that the Special Master's findings were supported by the record, we affirm the judgment of the district court for the reasons stated in Judge Moran's thoughtful and well-reasoned Memorandum and Order.
 
 
 4
 We will briefly comment on her second issue. McLean argues that she was denied her right to cross-examine United's witnesses and to refute their testimony at an evidentiary hearing. We have held that an evidentiary hearing is not necessary where the court has before it all the facts essential to the consideration of the issue. Matta-Ballesteros v. Henman, 896 F.2d 255, 258 (7th Cir.1990). Here, all the necessary facts were before the Special Master and again before the district court. United's policies did not allow a trainee to retake an exam once the trainee left the examination room, and McLean offered only hearsay to support her allegation of discriminatory treatment. See Toro Co. v. Krouse, Kern & Co., Inc., 827 F.2d 155, 162 n. 3 (7th Cir.1987) (statements not based on personal knowledge could not be considered in determining whether there was a genuine issue of material fact for summary judgment).[1] There was no factual dispute that required an evidentiary hearing by either the Special Master or the district court.[2]
 
 
 5
 The decision of the district court accepting the Special Master's recommendation and denying McLean's objections is AFFIRMED.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 7
 CAROLE ANDERSON ROMASANTA, et al., and LIANE BUIX MC DONALD,
 
 
 8
 on her own behalf and on behalf of all others
 
 
 9
 similarly situated, Plaintiffs,
 
 
 10
 vs.
 
 
 11
 UNITED AIR LINES, INC., Defendant.
 
 
 12
 ASSOCIATION OF FLIGHT ATTENDANTS, Intervenor.
 
 No. 70 C 1157
 MEMORANDUM AND ORDER
 
 13
 (March 26, 1990).
 
 
 14
 Claimant Anne M. McLean entered UAL retraining on October 23, 1988 and was released from the program on November 22, 1988 for failure to meet training standards. Her appeal was heard by Special Administrative Master James T. Otis. He considered the matter on the basis of the submissions of the claimant, United and AFA, and on August 3, 1989 he recommended that the claimant's appeal be denied. She has filed objections to that recommendation and the parties have engaged in another round of briefing. We now accept the recommendation of Master Otis and we overrule the claimant's objections.
 
 
 15
 We begin with the procedures established for returning reinstated claimants to service. Those procedures contemplated that each claimant would be required to complete successfully United's training program and that United, in turn, would not discriminate against claimants in any way with respect to the retraining program. In practice, United has to a limited extent recognized the special needs of some claimants by providing some supplementary counseling.
 
 
 16
 United has required the maintenance of an 85 per cent average to stay in training and a 90 per cent final average for successful completion of training. Claimant McLean was proceeding satisfactorily until she did poorly on two of the three parts of an accounting test. The impact of those test scores was that she could not attain a 90 per cent final average and she was released from training. Claimant argued to Master Otis that she was not sufficiently apprised of the requirements, that returning furloughed flight attendants did not have to pass accounting tests, that United operates so as to preserve for itself some flexibility, and that as a returnee she was entitled to a favorable exercise of discretion. She also attacks the scoring of her tests, the adequacy of United's training and other procedures leading up to the testing and her subsequent release.
 
 
 17
 The recommendation and the various submissions have dealt with a variety of issues of limited relevancy to the issue here and the claimant has indicated some dissatisfaction with the failure to deal fully with every contention she has advanced. The claimant has herself recognized, however, that the primary issue is whether United's treatment of her was discriminatory (claimant's objections, p. 2, 8/19/89), and, we add, whether the discrimination related to her status as a class claimant. Claimant represents (and for the purposes of this appeal we consider her representations as though they were made by way of an affidavit) that she discovered she missed a portion of a test worth 18 points because two pages had stuck together and she had left a page blank as a result. That 18 points would have been enough to reach 90 per cent if she had done very well on the final examination. Claimant represents that a classmate told her another trainee in the same training class, taking the same examination at the same time but elsewhere under a different instructor, was allowed to go back and finish pages which had stuck together. A United affidavit states that once a trainee has turned in the examination and left the testing room the test results will be counted as final.
 
 
 18
 Claimant appears to believe that because she has made an allegation that it is up to United to disprove it. That is not so. Claimant was treated in conformity with United's announced policies. What we have is a hearsay statement that someone else was treated differently and we do not know if that "someone" (assuming it happened at all) was a claimant or a new hire, or whether the "stuck pages" were discovered before she left the testing area. That is far short of demonstrating discriminatory treatment of claimant based on her status.
 
 
 19
 Claimant points to this court's ruling on emergency procedures testing, and reasonably so because there, over United's vehement objections, we did recognize a distinction between new hires and incumbents and held claimants to the more lenient incumbent standard. Claimant contends from that that she should have been allowed to retake the accounting test or she should have been treated as she understands incumbents were treated when liquor sales and headset rentals became part of the scene--given transition training with no testing at all.
 
 
 20
 The emergency procedures are a continuing part of the training cycle. Incumbents are periodically tested and there are, therefore, continuing comparative standards respecting new hire and incumbent emergency procedure proficiency. We could, then, look to explicit alternate standards and direct United to use one rather than the other. Those alternate standards are, apparently, unique to emergency procedures. The consent decree contemplated that claimants would go through a training cycle. Incumbents do not have to go through recurrent training except with respect to emergency procedures. Thus, if claimants were generally treated like incumbents they would not have to pass any tests except those relating to emergency procedures. And that, clearly, was never contemplated.
 
 
 21
 The claimant here is obviously disappointed, particularly since she was one of the few who actively disputed the no-marriage rule when she first left United. She is, however, asking for considerably greater judicial intervention into the training process than we believe is appropriate.
 
 
 22
 /s/ JAMES B. MORAN,
 
 Judge, United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 To counter United's sworn affidavits that she was treated in conformity with United's training policies, McLean had to do more than swear that she heard that another trainee whose test pages were stuck together was permitted to finish an exam or identify two instructors who monitored other testing sections. To raise a disputed issue of material fact, McLean was required to submit admissible evidence based on personal knowledge (i.e., an affidavit from a witness to the event). A witness's reluctance to testify without a subpoena does not create due process concerns
 
 
 [2]
 In further support of her due process argument, McLean contends that United was not required to answer all of her allegations. Because United complied with its stated policies, whether the pages of her test were, in fact, stuck together was not relevant to the inquiry. She also alleges that the Special Master was adversarial by illegally presenting evidence and testifying as a witness. There is no support for this contention in the record